Lauren B. Emerson
Cameron S. Reuber (*pro hac vice* pending)
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
emerson@leasonellis.com
reuber@leasonellis.com
lelitdocketing@leasonellis.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Party City Holdings Inc., and Party City Corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>Sophie (Loghman) Kaufman,<br><br>*Defendant*. | Civil Action No: 2:24-cv-9635<br><br>COMPLAINT<br>AND JURY DEMAND |

Plaintiffs, Party City Holdings Inc. and Party City Corporation (collectively "Party City" or "Plaintiffs"), by their undersigned attorneys, bring this Complaint against Defendant, Sophie (Loghman) Kaufman (hereinafter "Mrs. Kaufman" or "Defendant") for, *inter alia*, a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and alleges as follows:

## THE PARTIES

1. Plaintiff Party City Holdings Inc. is a Delaware corporation having its principal place of business at 100 Tice Boulevard, Woodcliff Lake, NJ 07677.

2. Plaintiff Party City Corporation is a Delaware corporation having its principal place of business at 100 Tice Boulevard, Woodcliff Lake, NJ 07677.

3. Defendant Sophie (Loghman) Kaufman is believed to be an individual residing at 7870 Nesbit Downs Dr Atlanta, GA, 30350-1094 United States.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 for diversity jurisdiction as the parties are citizens of different States and, upon information and belief, the amount in controversy exceeds $75,000.

5. Subject matter jurisdiction is conferred under the Declaratory Judgment Act, 28 U.S.C, §§ 2201 and 2202. Declaratory relief is available because there is a substantial controversy between Plaintiffs and Defendant, which have adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

6. This court has personal jurisdiction over Defendant because Kaufman purposefully availed herself of the privilege of conducting business activities in this state, including but not limited to, the actual course of dealing between the parties directly related to this litigation.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

**Plaintiffs, their Business, and Use of Third-Party Images**

8. Plaintiffs own and operate a retail business enterprise that is a global leader in the celebration industry. They design, manufacture, and distribute quality, innovative, and on-trend decorations and party supplies to customers across more than 70 countries.

9. As North America's largest party goods retailer, Party City has a robust advertising strategy and leverages a variety of marketing channels, including in-store decorations and online promotions.

10. Party City is committed to respecting intellectual property and privacy rights. Party City reviews applicable laws and takes efforts to obtain all required permissions before using third-party images and other materials.

11. When disputes arise, Party City works cooperatively with the concerned parties to find mutually satisfactory resolutions within reason.

**The Alleged Unauthorized Use of the Defendant's Image**

12. Defendant is a photo stylist and content curator operating the Atlanta-based company SunnyPeaches LLC, https://www.sunnypeaches.com/.

13. Defendant generates content related to parties and celebrations.

14. The following images allegedly depicting the Defendant were inadvertently used in Plaintiffs' advertising campaign in 2021 ("Images"):


*"Image 1"*


*"Image 2"*

15. On Septemeber 19, 2022, all Party City stores were instructed to remove and destroy the Image 1, inclusive of receiving detailed instructions regarding the above-mentioned images.

16. In July 2023, an attorney representing the Defendant reached out to Party City alleging the unauthorized use of the Images, in particular referring to the use of the Image 2 on the website.

17. Party City promptly addressed this issue, and the parties resolved the matter amicably.

**Defendant's Threats are Based on Meritless Claims**

18. On August 14, 2024, Plaintiffs were surprisingly contacted by the Defendant's attorney, Matt Kahn, who claimed that Party City "is liable for misappropriating Sophie Kaufman's likeness" and demanded an additional compensation in the exorbitant amount of $250,000. Mr. Kahn is a personal injury attorney who represents clients on a contingency fee basis.

19. Defendant provided one image allegedly made in the Plaintiff's store in Oakland, California and stated the following: "While we know for certain that Party City used the photograph in stores located in California and Kentucky, we also believe Party City's internal records will show that the image has been used in many other locations." Based on these assumptions and speculations, Defendant merely assumed that Party City "used a photograph of Mrs. Kaufman as an in-store advertisement in stores across the country."

20. Moreover, Defendant alleged that Party City "is liable for punitive damages" claiming that "Party City *knowingly* misappropriated Mrs. Kaufman's likeness" and that "punitive damages are necessary to make sure Party City does not violate Mrs. Kaufman's rights in the future."

21. After Plaintiffs rejected this unreasonable and unacceptable offer of August 14, 2024, Plaintiffs attempted to discuss this matter with Defendant and find a reasonable amicable resolution. However, all these attempts failed as the

Defendant continued to persist on their groundless allegations and demands, only insignificantly reducing their monetary demand from $250,000 to $224,000.

22. In subsequent communications from Defendant's counsel, Defendant continued to "*assume* [that] the image appeared as part of a nationwide, in-store advertising campaign" and further alleged that "we are confident a jury will consider and award punitive damages" and that "[a]mple evidence exists from which a jury could decide Party City *knowingly* appropriated Mrs. Kaufman's likeness." However, Defendant again failed to provide any such evidence. Instead of providing any factual support to the alleged claim of misappropriation of likeness warranting hundreds of thousands in damages, Defendant made various unfounded, misleading and irrelevant statements, (e.g., accusing Plaintiffs in having "stolen intellectual property … lying around in Party City storage rooms across the country").

23. Plaintiffs once again attempted to amicably address these unfounded claims and explain that the use of the Image 1 was inadvertent and discontinued on September 14, 2022. Moreover, Plaintiffs sent an additional verification confirming that all Plaintiffs' stores removed and destroyed the materials with the Image 1 and provided the respective confirmation to Plaintiff.

24. Nevertheless, Defendant persists in demanding exorbitant sums to avoid litigation that equate to an unjust windfall by any reasonable metric.

25. Moreover, while Defendant is continuing to demand payments from Plaintiff, Defendant also explicitly threatened to pursue legal action if Plaintiffs did not comply with Defendant's demands by October 4, 2024.

26. Plaintiffs did not comply with Defendant's windfall demands and instead received yet another litigation threat on October 4, 2024.

27. Rather that endure more litigation threats and the uncertainty of when and where Defendant may follow through on its various threats, Plaintiffs have no recourse but to initiate these proceedings to establish the legal rights and obligations of parties.

## CLAIM FOR RELIEF

**Declaratory Judgment of Non-Infringement of Defendant's Likeness Rights**

28. Plaintiffs repeat and reallege the averments contained in all of the preceding paragraphs of this Complaint as if fully set forth herein.

29. This cause of action arises under the Declaratory Judgment Act.

30. An actual case or controversy has arisen between the parties. Defendant asserted that Plaintiffs were liable for misappropriating Defendants' likeness, demanded extortionate compensation, and threatened litigation.

31. Plaintiffs' actions do not constitute an actionable misappropriation of Defendant's likeness. Not only Defendant failed to show any evidence of the Plaintiffs' intention to capitalize on Defendant's likeness or harm to Defendant

resulting from Plaintiffs' actions, but Defendant also has other defenses that will be addressed in a future pleading wherein non-public information must be pleaded.

32. Regardless of the allegations levied by Defendant, there are no grounds for any punitive damages, which is an extreme remedy appropriate only where the alleged actions demonstrate willful, wanton, or reckless conduct — none of which are evident in this case.

33. Accordingly, Plaintiffs are entitled to a declaratory judgment from this Court that their actions do not constitute an infringement of any rights held by Defendant and, in any case, Plaintiffs are not liable for any damages to Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

A. An Order declaring that:

1. Plaintiffs are not liable to Defendant for any legal claim;

2. Defendant is not entitled to recover any damages, including, but not limited to, punitive damages, by virtue of the alleged misappropriation of the Defendant's image or likeness by Plaintiffs or any other alleged violation; and

3. Defendant be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Plaintiffs or anyone in privity with Plaintiffs (including affiliates, agents, distributors, employees and contractors) with respect to the alleged misappropriation of Defendant's image or likeness or related claims based on the same factual predicate.

4. An award to Plaintiffs of their costs and interests in this action, as well as its reasonable attorney fees and expenses in connection with this action.

B. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs, pursuant to Federal Rule of Civil Procedure 38, demand a trial by jury on all issues triable to a jury.

Dated:  October 7, 2024

Respectfully submitted,

_____
Lauren B. Emerson
Cameron S. Reuber (*pro hac vice* pending)
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
emerson@leasonellis.com
reuber@leasonellis.com
lelitdocketing@leasonellis.com

*Attorneys for Plaintiffs*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: October 7, 2024

                                           Respectfully submitted,

                                           Lauren B. Emerson
                                           Cameron S. Reuber (*pro hac vice* pending)
                                           LEASON ELLIS LLP
                                           One Barker Avenue, Fifth Floor
                                           White Plains, New York 10601
                                           Phone: (914) 288-0022
                                           emerson@leasonellis.com
                                           reuber@leasonellis.com
                                           lelitdocketing@leasonellis.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that, to the best of my knowledge, the matter in controversy is not eligible for arbitration under Local Civil Rule 201.1 because the relief sought in the Complaint seeks an injunction.

Dated: October 7, 2024

Respectfully submitted,

Lauren B. Emerson
Cameron S. Reuber (*pro hac vice* pending)
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
emerson@leasonellis.com
reuber@leasonellis.com
lelitdocketing@leasonellis.com